**TIMOTHY R. GARRISON**
California State Bar No. 228105
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Timothy_Garrison@fd.org

Attorneys for Mr. Navarro-Maldonado

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JOHN A. HOUSTON)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 07CR2883-JAH |
| Plaintiff, | |
| v. | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| **RUBEN NAVARRO-MALDONADO** | |
| Defendant | |

**I.**

**STATEMENT OF FACTS**

The government contends that on or about August 30, 2007 through October 4, 2007, Mr. Navarro-Maldonado conspired with others to distribute and possessed with intent to distribute 334 grams of methamphetamine, as well as actually distributed 178.8 grams of methamphetamine.

**II.**

**MOTION TO COMPEL DISCOVERY**

Mr. Navarro-Maldonado requests the following discovery. His request is not limited to those items of which the prosecutor is aware. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See

**07CR2883-JAH**

United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

1.     The Defendant's Statements. The government must disclose to Mr. Navarro-Maldonado *all* copies of any written or recorded statements made by Mr. Navarro-Maldonado; the substance of any statements made by Mr. Navarro-Maldonado that the government intends to offer in evidence at trial; any response by Mr. Navarro-Maldonado to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of Mr. Navarro-Maldonado's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings that may have been given to Mr. Navarro-Maldonado; and any other statements by Mr. Navarro-Maldonado. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* Mr. Navarro-Maldonado's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

2.     Arrest Reports, Notes and Dispatch Tapes, . Mr. Navarro-Maldonado also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Navarro-Maldonado or any other discoverable material is contained. Mr. Navarro-Maldonado includes in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROIs that the case agent or any other agent has written. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Navarro-Maldonado are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

Defendant requests any electronic surveillance logs and transcripts concerning the defendant and/or any witness. United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989); United States v. Taylor, 707 F. Supp. 696, 702 (S.D.N.Y. 1989); United States v. Konefal, 566 F.

Supp. 698, 707 (N.D.N.Y. 1983). This request would include documents such as Federal Bureau of Investigation "airtels" or interoffice memoranda relating to any monitored conversations. United States v. Alderisio, 424 F.2d 20 (10th Cir. 1970).

3.    Brady Material. Mr. Navarro-Maldonado requests all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

4.    Any Information That May Result in a Lower Sentence. As discussed above, any information that may result in a more favorable sentence must also be disclosed pursuant to Brady, 373 U.S. 83. The government must disclose any cooperation or attempted cooperation by Mr. Navarro-Maldonado, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the United States Sentencing Commission Guidelines Manual ("Guidelines"). Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. Navarro-Maldonado's criminal history, or any other application of the Guidelines.

5.    The Defendant's Prior Record. Evidence of a prior record is available under Fed. R. Crim. P. 16(a)(1)(D). Mr. Navarro-Maldonado specifically requests a complete copy of any criminal record.

6.    Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); see also United States v. Brooke, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming Mehrmanesh and reversing convictions).

1    This includes any "TECS" records (records of prior border crossings) that the government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. Although there is nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial. <u>United States v. Vega</u>, 188 F.3d 1150, 1154-1155 (9th Cir. 1999). Mr. Navarro-Maldonado requests that such notice be given three weeks before trial to give the defense time to adequately investigate and prepare for trial.

7.    <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

8.    <u>Request for Preservation of Evidence</u>. The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to vehicle involved in the case, Mr. Navarro-Maldonado's personal effects, the alleged marijuana, and any evidence seized from Mr. Navarro-Maldonado or any third party. This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g. undocumented aliens and transients). Mr. Navarro-Maldonado requests that the prosecutor be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

9.    <u>Henthorn Material</u>. Mr. Navarro-Maldonado requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. <u>See</u> <u>Kyles v. Whitley</u>, 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which

1 a disciplinary review was undertaken, whether or not any disciplinary action was ultimately
2 recommended. Mr. Navarro-Maldonado further requests production of any such information at least
3 one week prior to the motion hearing and two weeks prior to trial. If the prosecutor is uncertain
4 whether certain information should be disclosed pursuant to this request, this information should be
5 produced to the Court in advance of the motion hearing and the trial for an in camera inspection.

6 10.    <u>Tangible Objects</u>. Mr. Navarro-Maldonado requests the opportunity to inspect, copy, and
7 test, as necessary, all other documents and tangible objects, including photographs, books, papers,
8 documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, that are
9 material to the defense or intended for use in the government's case-in-chief or were obtained from
10 or belong to Mr. Navarro-Maldonado. Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr. Navarro-
11 Maldonado requests **color copies** of all photographs in the government's possession of the alleged
12 narcotics.

13 11.    <u>Expert Witnesses</u>. Mr. Navarro-Maldonado requests the name, qualifications, and a
14 written summary of the testimony of any person that the government intends to call as an expert
15 witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). This summary should include a
16 description of the witness' opinion(s), as well as the bases and the reasons for the opinion(s). <u>See</u>
17 <u>United States v. Duvall</u>, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert
18 notice did not adequately summarize or describe police detective's testimony in drug prosecution
19 where notice provided only a list of the general subject matters to be covered and failed to identify
20 what opinion the expert would offer on those subjects). This request includes, but is not limited to,
21 disclosure of the qualifications of any government witness who will testify that he understands
22 and/or speaks Spanish or any other foreign language that may have been used during the course of
23 an interview with Ms. Navarro-Maldonado or any other witness. Mr. Navarro-Maldonado requests
24 the notice of expert testimony be provided at a minimum of three weeks prior to trial so that the
25 defense can properly prepare to address and respond to this testimony, including obtaining its own
26 expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing
27 in advance of trial to determine the admissibility of qualifications of any expert. <u>See</u> <u>Kumho v.</u>
28 <u>Carmichael Tire Co.</u>, 526 U.S. 137, 119 S.Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and

must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings"). Defendant requests a copy of the DEA 7 form which should indicate the alleged weight and purity of the contraband in this case.

12. <u>Impeachment evidence</u>. Mr. Navarro-Maldonado requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Navarro-Maldonado. <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under <u>Brady</u>, 373 U.S. 83. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13. <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Navarro-Maldonado requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

14. <u>Evidence of Bias or Motive to Lie</u>. Mr. Navarro-Maldonado requests evidence that any prospective government witness is biased or prejudiced against Mr. Navarro-Maldonado, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>Strifler</u>, 851 F.2d 1197.

15. <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity</u>. Ms. Flores requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>Strifler</u>, 851 F.2d 1197; <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

16. <u>Witness Addresses</u>. Mr. Navarro-Maldonado requests the name and last known address of each prospective government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Navarro-Maldonado also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in

1  furtherance thereof) who will *not* be called as a government witness. United States v. Cadet, 727
2  F.2d 1453 (9th Cir. 1984).

3  17.   Names of Witnesses Favorable to the Defendant. Mr. Navarro-Maldonado requests the
4  name of any witness who made any arguably favorable statement concerning Mr. Navarro-
5  Maldonado or who could not identify him or who was unsure of his identity or participation in the
6  crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones
7  v. Jago, 575 F.2d 1164,1168 (6th Cir.1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979),
8  cert. denied, 444 U.S. 1086 (1980).

9  18.   Statements Relevant to the Defense. Mr. Navarro-Maldonado requests disclosure of any
10 statement that may be "relevant to any possible defense or contention" that he might assert. United
11 States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).

12 19.   Jencks Act Material. Mr. Navarro-Maldonado requests production in advance of the
13 motion hearing or trial of all material, including dispatch tapes, that the government must produce
14 pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. A verbal acknowledgment
15 that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report
16 or notes to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487,
17 490-92 (1963); see also United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that
18 interview notes constitutes Jencks material when an agent reviews notes with the subject of the
19 interview); see also United States v. Riley, 189 F.3d 802, 806-808 (9th Cir. 1999). Advance
20 production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Navarro-
21 Maldonado to investigate the Jencks material. Mr. Navarro-Maldonado requests pre-trial disclosure
22 of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare
23 for, and use properly any Jencks statements during cross-examination.0

24 20.   Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972),
25 Mr. Navarro-Maldonado requests all statements and/or promises, expressed or implied, made to any
26 government witnesses, in exchange for their testimony in this case, and all other information that
27 could arguably be used for the impeachment of any government witnesses.
28

21.     <u>Agreements Between the Government and Witnesses</u>. Mr. Navarro-Maldonado requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

22.     <u>Informants and Cooperating Witnesses</u>. Mr. Navarro-Maldonado requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Navarro-Maldonado. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants that exculpates or tends to exculpate Mr. Navarro-Maldonado.

23.     <u>Bias by Informants or Cooperating Witnesses</u>. Mr. Navarro-Maldonado requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio</u>, 405 U.S. 24. Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

25.     <u>Personnel Records of Government Officers Involved in the Arrest</u>. Mr. Navarro-Maldonado requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Mr. Navarro-Maldonado. <u>See</u> <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

26.     <u>Training of Relevant Law Enforcement Officers</u>. Mr. Navarro-Maldonado requests copies of all written videotaped or otherwise recorded policies or training instructions or manuals

issued by all law enforcement agencies involved in the case.

27.     <u>Performance Goals and Policy Awards</u>. Mr. Navarro-Maldonado requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case. This request specifically includes information concerning performance goals, policy awards, and the standards for commending, demoting, or promoting agents for their performance.

28.     <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Mr. Navarro-Maldonado requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

29.     <u>Brady Information</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

30.     <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

31.     <u>Residual Request</u>. The defendant intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## III.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Navarro-Maldonado has received 218 pages of discovery and 22 DVDs. As of the drafting of these motions, defense counsel has not had a chance to fully review the discovery. As new information surfaces – via discovery provided by government, defense investigation, or an order of this court – the defense may need to file further motions or to supplement existing motions. Accordingly, Mr. Navarro-Maldonado requests leave to file further motions at a later date.

## IV.

## CONCLUSION

For the reasons stated, Mr. Navarro-Maldonado requests this Court grant his motions.

Respectfully submitted,

Dated: November 26, 2007

/s/ *Timothy R. Garrison*
Timothy R. Garrison
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Navarro-Maldonado
Timothy_Garrison@fd.org